UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDWARD HERNANDEZ,           ) Case No. CV 22-2364-AB (JPR)
                            )
            Petitioner,     )
                            ) ORDER SUMMARILY DISMISSING
      v.                    ) PETITION FOR WRIT OF HABEAS
                            ) CORPUS
WARDEN,                     )
                            )
            Respondent.     )

    On April 7, 2022, Petitioner, then a Los Angeles County Jail inmate, filed a habeas Petition.  Since then, every piece of mail the Court has sent him has been returned as undeliverable, and he has not filed a change of address.  According to the Los Angeles County Sheriff's Department's Inmate Information Center website, he was released from custody on April 19 for "time served."  L.A. Cnty. Sheriff's Dep't Inmate Info. Ctr., https://app5.lasd.org/ iic/Details (last visited Sept. 16, 2022) (search for booking number 6232924).

    On August 10, 2022, Respondent moved to dismiss the Petition, noting that in it Petitioner did not challenge his own conviction or sentence but rather alleged that sheriff's deputies lied and filed false reports in a case in which Petitioner was

1

1  the victim, People v. Gutierrez.  (See generally Mot. Dismiss;
2  Pet. at 2 (noting that Petition concerns "other," not conviction
3  or sentence), 9-10 (making allegations about law enforcement's
4  conduct in Gutierrez case).)  Thus, argues Respondent, Petitioner
5  was not "in custody" under 28 U.S.C. § 2254(a) when he filed the
6  Petition, and this Court lacks jurisdiction to adjudicate it.
7  (See Mot. Dismiss at 7-8.)  Petitioner has not filed any
8  opposition, most likely because he never received the Court's
9  case-management order.

    For the reasons stated in Respondent's motion to dismiss, the Petition is SUMMARILY DISMISSED because the Court lacks jurisdiction to hear it.[1]  See Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (noting that district courts lack jurisdiction over habeas petitions that "attack" something other than conviction or sentence petitioner is then serving).  To the extent Petitioner intended to file a civil-rights action under 42 U.S.C. § 1983 (see Pet. at 5-6), the Court declines to so construe the Petition because Petitioner has not paid the $350 filing fee and the Court has no way to communicate with him to tell him he must do so — or to tell him anything else.

---

[1] The Petition is also subject to dismissal for failure to prosecute, see, e.g., C.D. Cal. R. 41-6 (allowing court to dismiss action when party fails to keep court informed of current address), and because it does not raise claims that sound in habeas.

Because jurisdiction is lacking, IT IS ORDERED that this action is DISMISSED.

DATED: September 23, 2022

```
_____
ANDRE BIROTTE JR.
U.S. DISTRICT JUDGE
```

Presented by:

```
_____
Jean Rosenbluth
U.S. Magistrate Judge
```